NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VALENTIN MORALES-MENCIAS, | No.    13-74011 |
| Petitioner, | Agency No. A087-777-374 |
| v. | |
| JEFF B. SESSIONS, Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2017[**]

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Valentin Morales-Mencias, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

law, including due process claims, and we review for substantial evidence the agency's factual findings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We dismiss in part and deny in part the petition for review.

Morales-Mencias does not challenge the BIA's dispositive determination that he did not establish changed circumstances to excuse his untimely asylum application. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to Morales-Mencias' asylum claim.

With respect to Morales-Mencias' withholding of removal claim based on fear of the Alvarez brothers, we lack jurisdiction to consider his challenge to the IJ's adverse credibility determination and finding that Morales-Mencias failed to establish past persecution or a clear probability of future persecution on account of a protected ground. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (no jurisdiction over legal claims not presented in administrative proceedings below). We reject Morales-Mencias' argument that the BIA erred and violated due process by not addressing the IJ's adverse credibility determination where he did not challenge it in his brief to the BIA. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc); *see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim). With respect to Morales-Mencias' withholding of removal claim based on his "imputed nationality as an

American," substantial evidence supports the BIA's denial of relief. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (concluding "returning Mexicans from the United States" does not constitute a particular social group); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (concluding that "imputed wealthy Americans" returning to Mexico does not constitute a particular social group). Further, we lack jurisdiction to consider Morales-Mencias' claim for relief based on any social group he did not raise to the agency. *See Barron*, 358 F.3d at 677-78. Thus, Morales-Mencias' withholding of removal claim fails.

Finally, we lack jurisdiction to consider Morales-Mencias' contentions regarding his eligibility for CAT relief because he did not challenge the IJ's denial of CAT relief to the BIA. *See id*.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

13-74011